IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CV 11-0577-PHX-PGR (ECV) |
| Plaintiff/Respondent, | CR 05-1135-PHX-PGR |
| vs. | **REPORT AND RECOMMENDATION** |
| Joshua Wayne Trotter, | |
| Defendant/Movant. | |

TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES DISTRICT JUDGE:

Pending before the court is Movant's *pro se* Amended Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 and Movant's Motion to Amend/Supplement Record. (Doc. 4, 12).[1]

**BACKGROUND**

On September 21, 2006, Movant pleaded guilty to seven counts of Assaulting a Federal Officer in violation of 18 U.S.C. § 111(a)(1)&(b), one count of Use of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and (D)(ii), and one count of Unlawful Possession of a Firearm in violation of 18 U.S.C. §

---

[1] Unless otherwise indicated, the cited docket numbers refer to the civil case that was opened upon the filing of the motion to vacate.

1  922(g) and 924(a)(2). (Doc. 55 of CR 05-1135-PHX-PGR). On January 8, 2007, the District
2  Court sentenced Movant to prison for 480 months, to be followed by five years of supervised
3  release. (Id.). The sentence complied with the terms of the plea agreement, which called for
4  a prison sentence between 35 and 40 years. (Doc. 55 at 3 of CR 05-1135-PHX-PGR).
5  Movant did not file a direct appeal.

6  On January 13, 2011, Movant submitted a letter to the Court seeking relief from his
7  plea agreement, among other things. (Doc. 1).[2] On April 20, 2011, the District Court
8  construed the letter as a Motion to Vacate, Set Aside or Correct Sentence by a Person in
9  Federal Custody pursuant to 28 U.S.C. § 2255. (Doc. 3). The Court then granted Movant
10 leave to file an amended motion to vacate in compliance with the Local Rules of Civil
11 Procedure, which Movant did on May 3, 2011. (Doc. 4) The Court screened the amended
12 motion on May 27, 2011, and directed Respondent to file an answer. (Doc. 6). On
13 September 12, 2011, Respondent filed a Response to Defendant's Motion to Vacate, Set
14 Aside or Correct Sentence. (Doc. 9). Movant then filed a Traverse to Government's Motion
15 in Response on October 6, 2011. (Doc. 10). On November 7, 2011, Movant filed a Motion
16 to Amend/Supplement Record. (Doc. 12). No response to that motion has been filed.

17 Movant raises four grounds for relief in his motion to vacate: 1) that his sentence was
18 unreasonable because it was outside of the "heartland" of typical sentences of this kind and
19 is greater than necessary; 2) that his counsel provided ineffective assistance when he failed
20 to object to multiplicious charges and double punishments imposed; 3) that his counsel
21 provided ineffective assistance when he failed to inform Movant of the consequences of
22 accepting the plea agreement, including the waivers, and the elements of the offenses to
23 which he was pleading guilty; and 4) that his counsel provided ineffective assistance when

---

[2] Even though the filing date stamped on the letter/motion to vacate is January 24, 2011, under the prison mailbox rule a petition is deemed filed on the date the petition is delivered to prison authorities for mailing. See Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003). The letter/motion indicates Movant signed it on January 13, 2011. (Doc. 1 at 6). Giving Movant the benefit of the doubt, the letter/motion is therefore deemed filed on that date.

he failed to challenge the constitutionality of the Federal Sentencing Guidelines as applied to his case.

**DISCUSSION**

Respondent contends in its response that the motion to vacate is untimely and must therefore be denied. Respondent argues that Movant filed his motion more than one year after the judgment of conviction became final and thus it is barred by the statute of limitations. Alternatively, Respondent contends that the motion to vacate should be denied because Movant waived his right to collaterally attack the sentence. Because the court finds that the motion is untimely, the court will recommend that it be denied on that basis.

A federal prisoner's motion for relief under § 2255 is subject to a one year statute of limitations. 28 U.S.C. § 2255(f). The limitation provision of the statute states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The conviction becomes final for purposes of § 2255(f)(1) upon the expiration of the time to seek direct review. United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001).

Here, the Judgment against Movant was filed on January 16, 2007. Under the law at the time, Petitioner had ten days to file a notice of appeal, until Friday, January 26, 2007. See Fed.R.App.P. 4(b) (2009 amendment increased time from 10 to 14 days). Because Movant failed to file a notice of appeal, his judgment of conviction became final on Monday, January 29, 2007. The limitations period expired one year later on January 29, 2008.

Movant's motion to vacate was not filed until January 13, 2011, nearly three years after the deadline. The motion is therefore untimely.

Movant argues in his motion to vacate that he failed to file it on time because he believed he was precluded from any post-conviction relief per his plea agreement. He argues that the waiver of his appeal rights constituted an extraordinary circumstance entitling him to equitable tolling.

The statute of limitations under AEDPA is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010); see also U.S. v. Buckles, 647 F.3d 883, 889 (9th Cir. 2011) (applying Holland to § 2255 motion). However, for equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" and prevented him from filing a timely petition. Holland at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Movant has not satisfied the standard for equitable tolling. Waiting nearly three years before filing a motion to vacate is not diligently pursuing his rights, despite the waiver in the plea agreement. Movant could have challenged the validity of the waiver, as he has done in the instant motion, within the limitations period. He points to nothing (other than the waiver itself) that stood in his way and prevented him from filing a timely motion. The court finds equitable tolling inapplicable here. Thus, the motion to vacate is barred by the statute of limitations and the court will recommend that it be denied on that basis.

Finally, in the motion to amend/supplement, Movant asks the court to consider medical records demonstrating that he was under the influence of psychiatric medication during the plea conference, the signing of the plea and the change of plea hearing itself. Movant apparently is trying to show that his guilty plea was not voluntary. That information, however, has no bearing on the untimeliness of the motion to vacate. He does not claim that the medication had any effect on his ability to file the motion to vacate. In fact, the records he seeks to submit show he stopped taking the medication in March 2007, long before the limitations period expired. Because the records have no impact on the statute of limitations issue, the court will recommend that the motion to amend/supplement be denied as moot.

**IT IS THEREFORE RECOMMENDED:**

That Movant's Amended Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 4) be **DENIED** and **DISMISSED**;

That Movant's Motion to Amend/Supplement Record (Doc. 12) be **DENIED**; and

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the motion to vacate is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 23rd day of January, 2012.

Edward C. Voss
United States Magistrate Judge